**O**

**JS-6**

cc:order, docket, remand letter to
Los Angeles Superior Court, No. BC 460279

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMY ROTH, SHANA EKIN, as individuals and on behalf of themselves and all others similarly situated,<br><br>               Plaintiffs,<br>    v.<br>CHA HOLLYWOOD MEDICAL CENTER, L.P., d/b/a CHA Hollywood Presbyterian Medical Center and Hollywood Presbyterian Medical Center, and CHS HEALTHCARE MANAGEMENT, L.L.C.,<br><br>               Defendants. | Case No. 2:12-cv-07559-ODW (SHx)<br><br>**ORDER REMANDING ACTION TO LOS ANGELES SUPERIOR COURT [10]** |

## I. INTRODUCTION

The Court is in receipt of CHA Hollywood Medical Center's Notice of Removal. (ECF No. 1.) Having evaluated the papers filed in conjunction with Defendant's Notice and Plaintiff's Motion to Remand, the Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L. R. 7-15.

As discussed below, the Court lacks jurisdiction over this action and, accordingly, the case is **REMANDED** to the Los Angeles Superior Court.

///

///

## I. FACTUAL BACKGROUND

On April 27, 2012, Plaintiff Amy Roth initiated a class-action lawsuit on behalf of herself and others similarly situated against CHA Hollywood Medical Center in the Los Angeles Superior Court. (Notice of Removal Ex. A.) Roth filed a First Amended Complaint on May 24, 2012, which alleged three claims for violations of the California Labor Code and one claim for violation of California Business and Professions Code. (*Id.* Ex. M.) One hundred and three days after the FAC was filed, CHA removed the action to this Court, claiming jurisdiction under both the Class Action Fairness Act and federal question jurisdiction. (*Id.* ¶¶ 7, 23.) Roth followed the removal with a Motion to Remand. (ECF No. 10.)

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994). Federal courts have original jurisdiction where an action presents a federal question under 28 U.S.C. § 1331, or diversity of citizenship under 28 U.S.C. § 1332.

A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). However, courts strictly construe the removal statute against removal jurisdiction, and "federal jurisdiction *must* be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc*, 980 F.2d 564, 566 (9th Cir. 1992) (emphasis added). The party seeking removal bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006).

## III. DISCUSSION

Defendants explicitly ground their removal petition on CAFA jurisdiction and federal question jurisdiction. (Notice of Removal ¶¶ 7, 23.) Both grounds fail because Defendants do not demonstrate what triggered their right to removal under § 1446(b) and Ninth Circuit precedent.

*A. Diversity jurisdiction under CAFA*

Diversity jurisdiction under CAFA is satisfied if any class member is a citizen of a state different from any defendant. 28 U.S.C. § 1332(d)(2). Section 1446(b) addresses the time within which an action must be removed and when the clock begins to run for proper removal. Under 28 U.S.C. § 1446(b), a defendant must file a notice of removal within 30 days from the date he first objectively learns that an action is removable. A defendant may learn that an action is removable in one of two ways: through the face of the initial pleadings or through the receipt "of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b).

In their removal, Defendants claim that many of the class members are diverse, and give the example of Ms. Daisy Tacbas as one. (Notice of Removal ¶ 13.) Defendants elaborate on the details of Ms. Tacbas's residency but do not support their assertions with evidence. (*Id.*) Defendants essentially argue that the timeliness of the removal is proper because "at no time in the state court action have Plaintiffs served a 'paper' that reveals that CAFA jurisdiction exists." (Notice of Removal ¶ 21.) This raises the question: How then can Defendants now argue that the case is removable?[1]

Referring to § 1446(b), the Ninth Circuit has stated that a defendant cannot remove based on its own investigation: "[T]he first thirty-day [window] is triggered by defendant's receipt of an 'initial pleading' that reveals a basis for removal. If no ground for removal is evident in that pleading, the case is 'not removable.'" *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005). If the case is not removable from the complaint then the defendants must wait until a second 30-day window is triggered by a change in the parties or other circumstances revealed in a newly filed "paper." *Id.*

---

[1] In response to Roth's Motion to Remand, Defendants submitted an opposition containing the affidavit of Ms. Tacbas certifying the statements made in the Removal concerning her citizenship. (Opp'n Ex. C.) But Defendants do not suggest in their opposition that this affidavit is the document which triggered the 30-day window.

At no time in any of Defendant's papers do Defendants refer to which paper they received that allowed them to "first ascertain" that the case is one that has become removable. They merely state that they removed within 30 days of documenting Ms. Tacbas's citizenship, but the Court cannot assume that "documenting" means they received a paper under which they ascertained federal jurisdiction. The Court also cannot assume that the paper—if there was such a paper—was filed with the court. They attach an affidavit to their opposition to the Motion to Remand, but do not state that this affidavit was a document which triggered the removal window. Without this, the Court has serious doubts as to the propriety of the removal and, therefore, must reject jurisdiction. *See Gaus*, 980 F.2d at 566.

*B. Federal question jurisdiction*

Defendants' arguments for federal jurisdiction under § 301 of the LMRA are also improper. They similarly state that "at no time . . . have Plaintiffs served a 'paper' establishing such jurisdiction." (Notice of Removal ¶ 30.) As already discussed, defendants may not remove a case whenever they please based on their subjective beliefs, as doing so would simply encourage gamesmanship. *See Harris*, 425 F.3d at 697.

### IV. CONCLUSION

In light of the foregoing, the Court **REMANDS** this case to the Los Angeles County Superior Court for lack of subject-matter jurisdiction.

**IT IS SO ORDERED.**

November 7, 2012

_____
**HON. OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**