O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AMY ROTH, SHANA EKIN, as individuals and on behalf of themselves and all others similarly situated,<br><br>                    Plaintiffs,<br>        v.<br><br>CHA HOLLYWOOD MEDICAL CENTER, L.P., d/b/a CHA Hollywood Presbyterian Medical Center and Hollywood Presbyterian Medical Center, and CHS HEALTHCARE MANAGEMENT, L.L.C.,<br><br>                    Defendants. | Case No. 2:12-cv-07559-ODW(SHx)<br><br>**ORDER DENYING PLAINTIFF'S APPLICATION TO FILE EXHIBITS UNDER SEAL IN SUPPORT OF PLAINTIFF'S MOTION FOR CLASS CERTIFICATION [56]** |

On September 25, 2013, Plaintiff Shana Ekin filed an Application to File Exhibits Under Seal in Support of Plaintiff's Motion for Class Certification. (ECF No. 56.) Ekin endeavors to seal three exhibits, which consist of Defendant CHA Hollywood Medical Center's meal- and rest-break policy; assignment sheets, break schedules, and documentation forms from various nursing departments; and deposition excerpts from Hollywood Medical Center's human-resources director discussing these documents. (Appl. 2.) Hollywood Medical Center produced these documents during discovery and denominated them "Confidential" under the terms of the parties' stipulated protective order. The parties had entered into this protective order on December 10, 2012, while the case was still before the Los Angeles County

1  Superior Court.  (Appl. Ex. A.)  Judge Kleinfeld of the Superior Court had previously
2  granted Defendants' motion to file under seal.

3        The United States Supreme Court has recognized that it is "clear that the courts
4  of this country recognize a general right to inspect and copy public records and
5  documents, including judicial records and documents."  *Nixon v. Warner Commc'ns,*
6  *Inc.*, 435 U.S. 589, 597 (1978) (footnote omitted).  Similarly, the Ninth Circuit stated
7  that there is a "strong presumption in favor of access to court records."  *Foltz v. State*
8  *Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).  In order to override
9  this weighty presumption, a party must demonstrate "sufficiently compelling reasons"
10 for sealing the documents.  *Id.*  Any request "must articulate compelling reasons
11 supported by specific factual findings" why each individual exhibit merits filing under
12 seal.  *Kamakana v. City & Cnty of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  A
13 court will then balance the public's interest in accessing these documents with the
14 confidentiality and potential for misuse of the information.  *Hagestad v. Tragesser*, 49
15 F.3d 1430, 1434 (9th Cir. 1995).

16       The Court has read each page of the documents Ekin seeks to file under seal
17 and has found no private information about individuals or anything that could be
18 construed as proprietary or a trade secret.  The Court is also aware that it was really
19 Hollywood Medical Center that designated these documents as confidential, not Ekin.
20 The hospital cannot seriously contend that its rest- and meal-break policy is
21 confidential when the policy itself makes clear that it is based on state and federal law.

22       Further, Hollywood Medical Center already redacted all patient identifying
23 information from Exhibit 5.  So now the only identifying information that remains in
24 all three exhibits is the employees' names.  But names alone are not private enough to
25 lock tight the Court's files and cut off the public's access to these documents.  The
26 courts of this nation remain open for any person—litigant or otherwise—to enter its
27 halls, inspect its records, and see justice being done.  The Court finds that neither
28 / / /

party in this case has carried its burden of demonstrating sufficiently compelling reasons for denying the public that access.

The Court accordingly **DENIES** Plaintiff's Application to File Exhibits Under Seal.  (ECF No. 56.)

**IT IS SO ORDERED.**

September 26, 2012

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**

3