O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMY ROTH, SHANA EKIN, as individuals and on behalf of themselves and all others similarly situated,<br><br>     Plaintiffs,<br>  v.<br><br>CHA HOLLYWOOD MEDICAL CENTER, L.P., d/b/a CHA Hollywood Presbyterian Medical Center and Hollywood Presbyterian Medical Center; CHS HEALTHCARE MANAGEMENT, L.L.C.,<br><br>     Defendants. | Case No. 2:12-cv-07559-ODW(SHx)<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS [62]** |

### I. INTRODUCTION

On September 30, 2013, Defendants (collectively "HPMC") filed this Motion for Judgment on the Pleadings, arguing that Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, preempts Plaintiff Shana Ekin's claims. (ECF No. 62.) But since Ekin's claims do not depend on interpretation of HPMC's collective-bargaining agreement, the Court finds that Section 301 does not preempt them. Ekin was consequently not required to exhaust internal grievance procedures,

and HPMC is not entitled to dismissal of Ekin's claims. The Court accordingly **DENIES** HPMC's Motion for Judgment on the Pleadings.[1]

## II. FACTUAL BACKGROUND

On April 27, 2011, former Plaintiff Amy Roth initiated a putative class-action lawsuit on behalf of herself and others similarly situated against HPMC in Los Angeles County Superior Court. (Not. of Removal Ex. A.) On May 24, 2012, Roth and Ekin filed a First Amended Complaint alleging (1) failure to provide state mandated meal and rest breaks; (2) failure to pay wages when due; (3) failure to provide accurate itemized statements; and (4) and violation of California's Unfair Competition Law. (*Id.* at 5–9.) On September 4, 2012, HPMC removed the action to this Court, claiming jurisdiction under both CAFA and 28 U.S.C. § 1331. (Not. of Removal ¶¶ 7, 23.)

A collective-bargaining agreement ("CBA") governs the relationship between the nurses' union and HPMC. Among others, the CBA includes provisions concerning rest and meal breaks and an internal grievance procedure. Article 11(D)(4) of the CBA provides that each "employee shall receive a fifteen (15) minute rest period for each four (4) hours worked or major portion thereof." (RJN Ex. A, B.[2]) CBA Article 11(D)(3) requires employees to report to their employer if they are unable to take a meal break for any reason. (*Id.*) And Article 9 of the CBA sets forth a three-step internal grievance procedure, which applies to "a dispute as to the interpretation, meaning or application of a specific provision of this Agreement." (*Id.*)

On September 30, 2013, HPMC filed a Motion for Judgment on the Pleadings based on Section 301 preemption and Ekin's failure to exhaust internal remedies under the CBA. (ECF No. 62.) That Motion is now before the Court for decision.

///

---

[1] After carefully considering the papers filed with respect to this Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

[2] Since the Court finds that the CBA does not compel preemption of Ekin's claim, the Court need not consider the merits of HPMC's Request for Judicial Notice.


### III. LEGAL STANDARD

A motion for judgment on the pleadings is "functionally identical" to a Rule 12(b) motion to dismiss; the only major difference is that a Rule 12(c) motion is properly brought "after the pleadings are closed and within such time as not to delay the trial." *Mag Instrument, Inc. v. JS Prods., Inc.*, 595 F. Supp. 2d 1102, 1106–07 (C.D. Cal. 2008) (citing *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989)). The allegations of the nonmoving party are accepted as true, denials of these allegations by the moving party are assumed to be false, and all inferences reasonably drawn from those facts must be construed in favor of the responding party. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989). But conclusory allegations and unwarranted inferences are insufficient to defeat a motion for judgment on the pleadings. *In re Syntex Corp. Sec. Litig.*, 95 F.3d 922, 926 (9th Cir. 1996). A court should grant judgment on the pleadings when, even if all material facts in the pleading under attack are true, the moving party is entitled to judgment as a matter of law. *Hal Roach Studios*, 896 F.2d at 1550.

### IV. DISCUSSION

HPMC argues that Section 301 preempts Ekin's claims because adjudicating those claims would require interpretation of the parties' CBA. (Mot. 15.) Further, HPMC asserts that since Section 301 preempts Ekin's claims, she is required to exhaust the CBA's internal grievance procedure before pursuing any judicial remedies. (Mot. 15–19.) HPMC contends that this failure to exhaust internal remedies is grounds for dismissal. (Mot. 19.) In response, Ekin argues that her claims rest solely on rights conferred to her by state law, and one therefore need not interpret the CBA to adjudicate her claims. The Court agrees with Ekin's argument and therefore denies HPMC's Motion for Judgment on the Pleadings.

Section 301 preempts any state-law claims for violations of collective-bargaining agreements. *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1058–59 (9th Cir.2007). For LMRA preemption to apply, "the need to interpret the CBA must

inhere to the nature of the plaintiff's claims." *Cramer v. Consol. Freightways Inc.*, 255 F.3d 683, 691 (9th Cir. 2001).  A defendant's mere reference to a CBA in their defense does not mandate federal preemption—a mere "reference to or consideration of the terms of a collective bargaining agreement is not the equivalent of interpreting the meaning of the terms." *Id.*; *Ramirez v. Fox Television Station, Inc.*, 998 F.2d 743, 749 (9th Cir. 1993).  "Causes of action that only tangentially involv[e] a provision of a collective bargaining agreement are not preempted by Section 301.  Nor are causes of action which assert nonnegotiable state-law rights . . . independent of any right established by contract." *Id.* at 748.

Courts therefore apply a two-step preemption analysis when a plaintiff does not expressly plead a breach of a CBA.  First, the court must determine whether the claim involves a state-law right that exists independent of the CBA.  *Burnside*, 491 F.3d at 1058–59 (9th Cir. 2007).  If it does, the court must then consider whether this right is substantially dependent on an analysis of the CBA, such that resolving the claim requires interpreting—as opposed to simply looking or referring to—the CBA.  *Id.*

The Court finds Ekin's rest-break claims are not preempted by Section 301.  Ekin argues that HPMC did not provide at least three rest breaks per 12-hour shift as required by the California Labor Code.  *See* Lab. Code §§ 226.7, 512; Cal. Code Regs., tit. 8, § 11050 (IWC Wage Order No. 5-2001).  While HPMC argues that the Court must look to the parties' CBA to resolve this issue, Ekin bases her rest-break claims solely on California statutes and regulations.  Nowhere in Ekin's First Amended Complaint does she mention the parties' CBA, and in no way does Ekin assert rights beyond those conferred to her by California law.

HPMC may have a possible defense that would warrant referring to the parties' CBA.  But Ekin's claims—as opposed to HPMC's possible defenses—do not require interpretation of the CBA.  HPMC wielding the parties' CBA in its defense "does not mandate federal preemption."  *See Cramer*, 255 F.3d at 691.  The issue here is whether HPMC provided Ekin with proper breaks under California law.  This question

can be answered simply by looking to employee time and payroll records and their testimony without resort to the CBA's provisions.

HPMC also argues that Section 301 preempts Ekin's meal-break claims. Ekin claims that (1) HPMC did not provide off-duty meal breaks to her and putative class members in violation of the Labor Code due to understaffing and frequent interruptions; and (2) HPMC only provided Ekin and putative class members one meal break per 12-hour shift, whereas the Labor Code requires two meal breaks during a 12-hour shift.

California law mandates that an employer provide off-duty meal periods, and that right is independent of any provision of the CBA. Again, Ekin's meal-break claims can be resolved simply by looking to payroll and time records and employee testimony. Like Ekin's rest-break claims, Section 301 does not preempt her meal-break claims.

This is not the first time a court has decided whether Section 301 preempts claims for unpaid wages for missed breaks. In a similar case, the district court rejected the defendant's argument that Section 301 preempted the plaintiffs' missed-break claims. *Bonilla v. Starwood Hotels & Resorts Worldwide Inc.*, 407 F. Supp. 2d 1107, 1112–13 (C.D. Cal. 2005). The court explained, "The calculation of damages may require reference to payment calculations dictated by the CBA, as well as factual evidence such as time worked by employees and how they were compensated, but not interpretation of the CBA." *Id.* at 1113 (internal citations omitted).

Ekin also asserts claims for failure to pay wages when due and failure to provide accurate wage statements. These claims derive from her meal- and rest-break claims—not any rights guaranteed by the CBA. These claims therefore similarly fall outside the scope of Section 301 preemption.

Finally, HPMC argues that Ekin was required to exhaust internal grievance procedures under the CBA. The United States Supreme Court has held that an "employee seeking a remedy for an alleged breach of the collective-bargaining

agreement between his union and employer must attempt to exhaust any exclusive grievance and arbitration procedures established by that agreement before he may maintain a suit against his union or employer under § 301." *Clayton v. Int'l Union, United Auto., Aerospace, & Agr. Implement Workers of Am.*, 451 U.S. 679, 681 (1981).

But Ekin is not alleging any breach of the CBA.  She does not reference the CBA even once in her First Amended Complaint.  Neither has HPMC demonstrated that the CBA's grievance procedure applies.  The procedure only applies to resolving "disputes" that involve the "interpretation, meaning, or application of a specific provision" of the CBA.  (RJN Ex. A, B.)  Ekin contends that HPMC violated several statutory provisions of California law—not any provision of the CBA.  The Court accordingly finds that Ekin was not required to exhaust the internal grievance procedure before filing suit.

## V.   CONCLUSION

For the reasons discussed above, the Court **DENIES** HPMC's Motion for Judgment on the Pleadings.  (ECF No. 62.)

**IT IS SO ORDERED.**

October 25, 2013

_____
                **OTIS D. WRIGHT, II**
          **UNITED STATES DISTRICT JUDGE**